IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–01612–MDB

E.B.,

    Plaintiff,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER

Plaintiff, E.B..[1] brings this action pursuant to the Social Security Act, 42 U.S.C. 405(g), seeking judicial review of a final decision by Defendant Commissioner of the Social Security Administration ["Commissioner"], denying his claim for Supplemental Security Income ("SSI"). Plaintiff filed an Opening Brief and the Commissioner responded. (["Opening Brief"], Doc. No. 11; ["Response"], Doc. No. 13.) Plaintiff did not file a Reply, and the time to do so has lapsed. The Commissioner also filed the Administrative Record. (["AR"], Doc. No. 9.) After carefully analyzing the briefs, the Administrative Record, and relevant law, the Court respectfully **AFFIRMS** the Commissioner's decision.

## BACKGROUND

---

[1] Pursuant to Local Rule, D.C.COLO.LAPR 5.2(b), Plaintiff E.B. is identified by initials only.

Plaintiff, born March 22, 1979, alleges he became disabled on November 9, 2020,[2] due to certain physical limitations. (AR 197.) Plaintiff filed an application for supplemental security income on November 9, 2020. (*Id*. at 27.) The claim was initially denied on April 2, 2021, and denied again after reconsideration on September 9, 2022. (*Id*.) Plaintiff successfully requested a hearing before an Administrative Law Judge ("ALJ") on September 28, 2022; the hearing took place on April 13, 2023. (*Id*.) Plaintiff was accompanied at the hearing by his attorney. (*Id*.) The ALJ heard testimony from Plaintiff and a vocational expert, Ms. Karen Black. (*Id*. at 49-69.) On May 26, 2023, the ALJ issued a written decision denying benefits. (*Id*. at 24-41.)

At the first step of the five-step sequence for making determinations,[3] the ALJ found Plaintiff had not engaged in substantial gainful activity since November 9, 2020. (AR 29.) At step two, the ALJ found Plaintiff lives with the severe impairments of "obesity and degenerative disc disease of the thoracic and lumbar spine." (*Id*.) The ALJ noted the record also contains evidence of "other major medical complaints including hypertension, obstructive sleep apnea, migraine headaches, insomnia, carpal tunnel syndrome, mild cervical disc disease, and lateral femoral cutaneous entrapment," but found these were not severe impairments. (*Id*. at 30.) The ALJ further determined Plaintiff lived with a depressive disorder. (*Id*.) As for the mental

---

[2] Though Plaintiff's application alleges he became disabled on August 11, 2011, (AR 193), he amended his alleged onset date to November 9, 2020 during the ALJ hearing, (*see id*. at 48).

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

2

impairment's "paragraph B"[4] criteria, the ALJ found mild limitation[5] in Plaintiff's ability to perform basic mental work activities. (*Id*.) In support of this finding, the ALJ noted Plaintiff reported improvement in mood complaints/depressive symptoms following a Lexapro prescription, has no documented specialized mental health care, does not allege worsening symptoms, and has normal mental status findings and intact activities of daily living. (*Id*.)

At step 3, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 30.) Because she concluded Plaintiff did not have any such impairment or combination of impairments, the ALJ was required to determine Plaintiff's residual functional capacity ("RFC") before proceeding to step four. The ALJ determined Plaintiff has the RFC:

> to perform light work as defined in 20 CFR 416.967(b) with the following additional functional restrictions: he can never climb ladders, ropes or scaffolds but can occasionally climb ramps or stairs, stoop, kneel, crouch and crawl. He can never lift objects from the floor but can lift from waist-height up. He needs to change position between sitting, standing and walking every hour.

(*Id*. at 31.) At step 4 the ALJ determined Plaintiff had no past relevant work, (*id*. at 36), but at step 5 determined Plaintiff could perform other jobs existing in significant numbers in the

---

[4] The paragraph B criteria are broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4. These criteria review a claimant's ability to "1. Understand, remember, or apply information (paragraph B1)"; "2. Interact with others (paragraph B2)"; "3. Concentrate, persist, or maintain pace (paragraph B3)"; and "4. Adapt or manage oneself (paragraph B4)."

[5] A mild limitation is when a claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e.

national economy, including rental clerk, office helper, and recreation aide, (*id*. at 36-37). The ALJ therefore determined Plaintiff does not have a disability under the statute. (*Id*. at 37.)

Following the ALJ's decision, the Appeals Council ("AC") accepted review. (*Id*. at 17-23.) After considering additional evidence, the AC ultimately confirmed all the ALJ's findings. (*Id*. at 1-10.) Plaintiff then filed the instant appeal on June 10, 2024. (Doc. No. 1.) The AC's decision is the final decision for purposes of judicial review.[6]

## STANDARD OF REVIEW

In social security disability cases, a court's review is limited to determining whether: (1) substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner's decision comports with relevant legal standards. *Vallejo v. Berryhill*, 849 F.3d 951, 954 (10th Cir. 2017); *see generally* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted); *accord Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) ("Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."). Any conflict in the evidence is to be resolved by the ALJ, and not the court. *See Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000) ("We will not reweigh the evidence."). A finding of "no substantial evidence" is proper only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Further, "if the ALJ failed to

---

[6] Because the AC's decision confirmed all the ALJ's findings related to this appeal, (AR 1-10), all such findings from the ALJ and the AC will be referred to as the ALJ's findings.

apply the correct legal test, there is ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## ANALYSIS

Plaintiff brings one argument on appeal: the ALJ's RFC determination failed to address with sufficient specificity the frequency with which Plaintiff must alternate between sitting and standing (the "sit-stand option"). (*See* Doc. No. 11 at 3-6.)

The ALJ's RFC determination states that Plaintiff "needs to change position between sitting, standing and walking every hour." (AR 31.) Plaintiff appears to argue that this determination was summarily adopted and erroneously embedded into the expert hypotheticals—rendering those hypotheticals incomplete or inaccurate in light of contrary evidence.[7] (*See* Doc. No. 11 at 4-6.) For example, though the ALJ asked the vocational expert to assume a change in position every hour, Plaintiff testified he could generally walk for "about 15, 20 minutes. And then I have to sit and rest for about 10-15 minutes. And then I can get up and try to walk again." (Doc. No. 11 at 6 (citing AR 51).) Plaintiff says that the ALJ's discounting of this evidence constitutes reversible error.[8] (*Id.*)

In making this argument, Plaintiff relies on *Vail v. Barnhart*, where the Tenth Circuit found reversible error when the ALJ's "hypothetical questions to the VE did not contain key

---

[7] Plaintiff also appears to take issue with the level of specificity associated with the ALJ's RFC determination. (*See generally* Doc. No. 11.) But as noted in the discussion of cases below, the ALJ's determination that Plaintiff needs to change positions every hour, is far more specific than other ALJ determinations that have been affirmed by other courts, including the Tenth Circuit.

[8] The Court pauses here to note that the ALJ's one hour sit-stand determination is not in and of itself evidence that Plaintiff's testimony was discounted. Indeed, the vocational expert testified that even if the change in position had to occur every *thirty minutes*, her responses would not change. (*See* AR 65.) This suggests the ALJ was considering shorter standing periods as well.

5

facts" and he "did not properly define how often [plaintiff] would need to change positions." 84 F. App'x 1, 5 (10th Cir. 2003). Plaintiff also points to *Maynard v. Astrue*, where the Tenth Circuit found reversible error because the ALJ "provided no specifics to the VE concerning the frequency of any need [plaintiff] may have to alternate sitting and standing and the length of time needed to stand." 276 F. App'x 726, 731 (10th Cir. 2007).

But those cases are inapposite. In those cases, the ALJ omitted key facts and/or did not specify how often the plaintiff needed to change positions. Here, the ALJ expressly stated that Plaintiff would need to change positions *every hour*, thereby explaining "[p]recisely how long [the] claimant can sit without a change in position." *Vail*, 84 F. App'x at 5. There are other distinguishing points as well. In *Vail*, the ALJ made multiple reversible errors (such as not establishing the plaintiff's age or determining whether he could return to previous relevant work), and in *Maynard*, the ALJ relied on Social Security Rule 96-9p, which only applies to sedentary work (not light work, as relevant here). *See id.*; *Maynard*, 276 F. App'x at 731. None of those concerns have been raised here.

Moreover, courts have affirmed similar (and even vaguer) sit-stand determinations. *See, e.g., Vallejo v. Astrue*, No. 3:10-CV-00445-GCM, 2011 WL 4595259, at *11 (W.D.N.C. Aug. 4, 2011), *report and recommendation adopted*, No. 3:10CV445, 2011 WL 4597348 (W.D.N.C. Sept. 30, 2011) (ALJ determined plaintiff needs "a sit-stand option"); *Winterbottom v. Colvin*, No. CIV-14-1146-D, 2015 WL 6019333, at *4 (W.D. Okla. Sept. 14, 2015), *report and recommendation adopted*, No. CIV-14-1146-D, 2015 WL 6019642 (W.D. Okla. Oct. 14, 2015) (ALJ's hypothetical included restriction that the individual be "allowed the ability to alternately sit and stand throughout the work day every 20 to 25 minutes"). Significantly, the Tenth Circuit

6

recently affirmed a determination that "the claimant must periodically alternate sitting and standing," as sufficiently specific. *See Nelson v. Colvin*, 655 F. App'x 626, 630 (10th Cir. 2016).

At bottom, there is substantial evidence supporting the ALJ's findings, (*see* AR 30-37), and Plaintiff simply takes issue with how the ALJ weighed the evidence. But reweighing the evidence is not the role of this Court. *See Rutledge*, 230 F.3d at 1174. The Court finds no reversible error.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's decision. Judgment shall enter accordingly.

Dated this 24th day of September, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge